In re Estate of L. C. Burgin, Deceased.

Bessie M. Taggart et al., Appellees, v. Ella M. Burgin, Appellant.

EVIDENCE: Opinion Evidence—Non-Expert Opinion as to Mental
1  Competency Confined to Facts Detailed. A non-expert witness
must base his opinion as to mental unsoundness upon the facts
in evidence previously detailed by him.

WILLS: Testamentary Capacity—Knowledge of Financial Condition
2  of Contestants. In the absence of knowledge on the part of
testator as to the financial condition of those having claims upon
his bounty, evidence of their financial condition is inadmissible.

WILLS: Testamentary Capacity—Soundness of Mind—Reasonable-
3  ness of Will—Misleading Instruction. In determining the rea-
sonableness of a will, as bearing upon the question of testa-
tor's mental unsoundness, evidence relative to the members of
his family, their relationship, age, condition in life, extent
of their property, their need or lack of need of his bounty, and
his personal relations with them, may always be shown, and
taken into consideration by the jury; but an instruction which
allows the jury to take into consideration such matters, with-
out informing the jury in what way such facts and circum-
stances bear upon the question of the testator's unsoundness,
is incomplete, misleading, and erroneous.

*Appeal from Clay District Court.*—D. F. Coyle, Judge.
March 24, 1919.

Rehearing Denied July 7, 1919.

This controversy involves a contest of the will of L. C. Burgin, deceased. Judgment was entered upon the verdict of the jury, finding that the testator was of unsound mind at the time the will was executed. Proponent appeals.—*Reversed.*

*Buck & Kirkpatrick, Francis & Owen,* and *Cosson & Francis,* for appellant.

*Heald & Cook* and *E. A. Morling,* for appellees.

Stevens, J.—I. The will in question was executed April 17, 1908, and filed for probate February 17, 1916. The proponent is the surviving widow of the testator, and the contestants are his daughters and only heirs at law. Testator was possessed of considerable property, and, shortly after the will was executed, was, upon hearing before the commissioners of Clay County, committed to the asylum at Cherokee, where he remained until his death. The question of the sufficiency of the evidence to sustain the verdict is not involved.

Appellant relies for reversal upon alleged errors of the court in the admission of evidence, and its instructions to the jury. A non-expert witness, who testified that, in his opinion, testator was of unsound mind at the time the will was executed, answered, upon cross-examination, that he based his opinion partly upon matters detailed, and partly upon matters not referred to in his testimony. Counsel for appellant moved that the testimony of this witness be stricken. It is a settled rule in this state that a non-expert witness must base his opinion, when called upon to testify touching mental unsoundness, upon the facts previously detailed by him in evidence. The motion to strike should have been sustained. *In re Will of Norman,* 72 Iowa 84; *Spiers v. Hendershott,* 142 Iowa 446; *Bales v. Bales,* 164 Iowa 257.

1. EVIDENCE: opinion evidence: non-expert opinion as to mental competency confined to facts detailed.

II. Evidence of the financial condition of contestants was received in evidence, over proper objections of counsel for proponents. The objection urged to this testimony is that it was not shown that the testator, at the time he signed the will, had knowledge of the financial condition of contestants. This evidence was offered for the purpose of throwing light upon the reasonableness

2. WILLS: testamentary capacity: knowledge of financial condition of contestants.

or unreasonableness of the will, and was admissible only upon a showing that the testator had knowledge thereof. Direct evidence of knowledge was, of course, not required, —it might be inferred from other facts and circumstances. In the absence of knowledge of the financial condition of those having claims upon his bounty, evidence of their financial condition is not admissible. *Stutsman v. Sharpless,* 125 Iowa 335, 336; *Philpott v. Jones,* 164 Iowa 730. Nothing is shown in this case except that the daughters lived in Spencer, at the time the will was executed, and that the husband of one was a switchman, and of the other, a bank cashier. It did not appear that he had knowledge of the extent or value of the property of either, some of which consisted of Dakota farm land. The showing of knowledge was not sufficient.

III. Counsel also contend that some of the witnesses were permitted to express their opinion upon the ultimate question to be determined by the jury. Some of the questions answered by the witnesses were of doubtful competency; but we are inclined to the opinion that, if error was committed in this respect, it was not prejudicial. But see *In re Jahn's Will,* 184 Iowa 416; and cases cited.

IV. The court instructed the jury that it might, in determining the question of the soundness of mind of testator at the time the will was executed, take into consideration the members of his family, those having natural claims upon his bounty, their relationship, age, condition in life, extent of their property, their need or lack of need of his bounty, his personal relations with them,—whether friendly or otherwise, —as bearing upon the question of the testator's mental soundness. These matters may always be shown as bearing upon the reasonableness or unreasonableness of the will, which is a circumstance to be given some

3. WILLS: testamentary capacity: soundness of mind: reasonableness of will: misleading instruction.

weight by the jury in determining the mental soundness of the testator at the time of its execution. *Manatt v. Scott,* 106 Iowa 203; *Howe v. Richards,* 112 Iowa 220; *Milcham v. Montagne,* 148 Iowa 476; *Sevening v. Smith,* 153 Iowa 639. If a will is shown to be an unreasonable one, or one that a sane person would not be likely to make, the jury may treat this fact as bearing upon the question of the testator's mental soundness. The instruction complained of does not inform the jury in what way the facts and circumstances enumerated therein bear upon the question of testator's mental soundness, and was, therefore, incomplete and misleading. For the reasons indicated, the judgment of the court below must be, and is,—*Reversed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.